UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT   FILED

2007 DEC 10 P 3: 11

PAUL A. REDD, JR.,

Petitioner - Appellant,

v.

JOE MCGRATH, Warden,

Respondent - Appellee.

No. 06-15564
D.C. No. CV-03-01814-JF

**JUDGMENT**

Appeal from the United States District Court for the Northern District of California (San Jose).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the Northern District of California (San Jose) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 11/02/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 07 2007

by
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 02 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL A. REDD, JR., <br><br> Petitioner - Appellant, <br><br> v. <br><br> JOE MCGRATH, Warden, <br><br> Respondent - Appellee. | No. 06-15564 <br><br> D.C. No. CV-03-01814-JF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Submitted October 18, 2007**
San Francisco, California

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY***, Senior Judge.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*   The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. Paul Redd, a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his placement in administrative segregation on suspicion of fomenting violence and his validation as a prison gang member in March, 2001. We have jurisdiction under 28 U.S.C. § 2253 and AFFIRM the district court's denial of Redd's habeas petition.

2. Due process requires that an inmate be given notice of the charges against him and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Redd claims that prison officials violated his due process rights following his placement in administrative segregation by holding a constitutionally deficient hearing and by not allowing him to be heard at all regarding his gang validation.

3. The state court did not address Redd's claims that prison officials violated his due process rights at the March 15, 2001 hearing. Assuming that these claims were fairly presented to the state court, they are reviewed de novo, and not under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA's") deferential standard. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

Redd claims that his due process rights were violated because he was not given adequate time to prepare, he was denied the right to call witnesses, and exculpatory information was improperly marked as confidential and withheld from him. Reviewing the claims de novo, prison officials did not violate Redd's due process rights.

The Institutional Classification Committee ("ICC") held a hearing more than 72 hours after prison officials notified Redd of the reason for his placement in administrative segregation, giving him adequate time to prepare. *See* Cal. Code Regs. tit. 15, § 3337(c). Redd failed to comply with California prison regulations by not naming the witnesses he wished to call in writing, *id.* § 3337(b), and he does not provide any evidence to refute the ICC's concern that calling them would have been unduly hazardous, *see Wolff v. McDonnell*, 418 U.S 539, 566 (1974). The information used to justify placing Redd in administrative segregation on March 12, 2001 was a tip from an informant, not a letter apparently written by Redd. This information was required to be marked as confidential under prison regulations because revealing the informant's identity may have endangered his safety or institutional safety, even if the information had been exculpatory. *See* Cal. Code Regs. tit. 15, § 3321(a)(1)-(2). We are satisfied that the nature of the information was made clear to Redd if he had wished to contest it. Redd's contention that he

3

"was never afforded due process at the March 15, 2001, hearing" is thus without merit and not grounds for granting his habeas petition.

4. The state court did address Redd's claims that his due process rights were violated when he was validated as a member of a prison gang on March 21, 2001. Therefore, the deferential standard of AEDPA applies and we can reverse only if we find that the state court's holding "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court] law," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

The state court found that prison officials gave Redd a timely opportunity to challenge the validation decision. This finding is not unreasonable. The day he was validated, Redd was given notice that he would meet with the ICC regarding his validation. The following day he met with an investigative employee who explained the evidence used to validate Redd's gang membership and gave Redd the opportunity to refute it. At the ICC hearing four days after the initial validation decision, Redd participated in the discussion of his "case factors." And the ICC reasonably concluded that it believed that Redd was an active gang member.

As noted above, all that is required for due process under Supreme Court precedent is notice and an opportunity to be heard. *Hewitt*, 459 U.S. at 476. Thus

the state court's conclusion that Redd's due process rights were not violated at this hearing is not contrary to, or an unreasonable application of, clearly established law, even though Redd was not allowed to call witnesses or present documentary evidence. Redd never made a written request for witnesses and he rehashes the factual arguments made throughout the proceedings rather than explaining why disallowing documentary evidence was a due process violation. The district court therefore properly denied Redd's habeas petition.

5. Redd also claims that he was transferred back to Pelican Bay State Prison in retaliation for previous legal filings naming the deputy warden. The state court found no evidence of retaliation. Redd does not substantiate his claim that he made "a strong showing of circumstantial and direct evidence" to support his retaliation claim. Therefore, the district court properly rejected it.

AFFIRMED.



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 07 2007

by:
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
06-15564 Redd v. McGrath

PAUL A. REDD, JR.
    Petitioner - Appellant

Paul A. Redd, Jr.
#B72683 SHU C9-122U
[LD NTC prs]
PBSP - PELICAN BAY STATE PRISON
P.O. Box 7500
Crescent City, CA 95532-7500

John J. Jordan, Esq.
FAX 415/391-4308
415/391-4814
Ste. 200
[COR LD NTC cja]
400 Montgomery St.
San Francisco, CA 94104

v.

JOE MCGRATH, Warden
    Respondent - Appellee

Jessica N. Blonien, Esq.
FAX 916-322-8288
916-327-3893
Suite 125
[COR LD NTC dag]
AGCA - OFFICE OF THE CALIFORNIA
ATTORNEY GENERAL (SAC)
1300 "I" St.
P.O. Box 944255
Sacramento, CA 94244-2550